# EXHIBIT "A"
# (Service Documents)

# EXHIBIT "A"
# (Service Documents)



Electronically Filed
7/24/2018 3:33 PM
Steven D. Grierson
CLERK OF THE COURT

```
 1  COMP
    RICHARD A. HARRIS, ESQ.
 2  Nevada Bar No. 505
 3  JOHNATHAN M. LEAVITT, ESQ.
    Nevada Bar No. 13172
 5  RICHARD HARRIS LAW FIRM
    801 South Fourth Street
 6  Las Vegas, Nevada 89101
 7  Phone: (702) 444-4444
    Fax:   (702) 444-4455
 8  E-Mail: jleavitt@RichardHarrisLaw.com
    Attorneys for Plaintiff
 9
```

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CODY FURROW, | CASE NO.: A-18-778274-C |
| Plaintiff, | DEPT NO.: Department 32 |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOE INDIVIDUALS I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, | **COMPLAINT** |
| Defendants. | |

Plaintiff CODY FURROW, by and through his counsel, JOHNATHAN M. LEAVITT, ESQ. of the RICHARD HARRIS LAW FIRM, and for his causes of action against Defendants, and each of them, complains and alleges as follows:

1. That Plaintiff CODY FURROW (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the Las Vegas, Nevada.

2. That Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter "State Farm"), is, and at all times mentioned herein, a corporation, chartered under the laws of the State of Illinois and doing business in the State of Nevada and deriving substantial revenue from the state.

3. That the true names and capacities, whether individual, corporate, associate or otherwise of DOE INDIVIDUALS I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOE INDIVIDUALS I through X and ROE CORPORATIONS I through X is responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacity of said Defendants, and when the same have been ascertained, join such Defendants in this action together with the proper charges and allegations.

4. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

5. On or about February 7, 2017, Plaintiff was a passenger in a vehicle traveling on Cheyenne, near Clayton, in Las Vegas, Clark County, Nevada.

6. At that time, Plaintiff, a passenger in the vehicle was rear-ended by non-party Shan Terada ("Terada"), an underinsured adverse driver.

7. The adverse driver was operating their vehicle in a negligent, careless, reckless and wanton manner and failed to use due care and negligently rear-ended Plaintiff's causing him damages and injuries.

8. The adverse drivers' actions violated the laws of the State of Nevada governing their conduct under the circumstances and are thereby deemed to be negligent.

9. Non-party Shan Terada carried $100,000/$300,000 insurance coverage with CSAA Insurance Exchange.

10. CSAA Insurance tendered their insureds' policy limits.

11. At the time of the subject accidents, Plaintiff's mother, a non-party, MARIE

McGURRIN, maintained an automobile insurance policy with uninsured/underinsured motorist bodily injury coverage limits of $50,000/$100,000 per incident with State Farm.

12. At some time prior to February 7, 2017, State Farm issued a policy of automobile insurance to Plaintiff's mother, a non-party, MARIE McGURRIN (Policy No. 045756328G). This policy of insurance contained uninsured/underinsured motorist bodily injury coverage with limits of $100,000/$300,000 per incident.

13. Said policy of insurance contained provisions providing coverage to the Plaintiff for damages suffered as a direct and proximate result of the negligence of operators of uninsured/underinsured motor vehicles.

14. Plaintiff's mother, MARIE McGURRIN, a non-party, made all required premium payments due under said policy and there was a binding contract of insurance in full force providing coverage for Plaintiff on February 7, 2017.

15. As a result of the February 7, 2017, aforementioned motor vehicle accident, Plaintiff suffered severe injuries and damages.

16. Based upon Plaintiff's extensive medical special damages and the nature and extent of his injuries, on February 28, 2018, Plaintiff sent a written demand that Defendant State Farm pay the UIM policy limits of $50,000.00. Attached to Plaintiff's letter were medical bills and records showing the severity of Plaintiff's injuries and past and future medical specials totaling at that time $122,961.82.

17. Since that time, State Farm has undervalued Plaintiff's underinsured motorist claims without proper cause.

18. State Farm has a duty to evaluate the claim and reasonably compensate Plaintiff for his damages.

19. To date, Plaintiff has fully cooperated with all of State Farm's requests.

20. State Farm has breached its contractual obligations.

21. Plaintiff's underinsured motorist claim is a loss covered by the State Farm policy.

22. State Farm failed to timely pay benefits upon proof of this loss.

23. State Farm refused to timely make an adequate payment to Plaintiff, as was required under the subject Policy.

24. State Farm's refusal to pay the Policy limits was made without a reasonable basis in fact or law.

25. As a direct and proximate result of the negligence of the third-party driver, Plaintiff has been caused to suffer serious bodily injury, disability and pain and suffering, which may be permanent and/or experienced in the future, all other general damages in excess of $15,000.

26. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care and treatment are continuing and shall continue in the future, all to the damage of Plaintiff.

27. That as a direct and proximate result of the negligence of the third-party driver, Plaintiff has been required to alter his physical activities and has limited occupational and recreational activities, which have caused—and shall continue to cause—Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount.

28. State Farm's refusal to pay Plaintiff's benefits due under the applicable contract did cause damages to Plaintiff in excess of $15,000.00.

29. That Plaintiff has been required to engage the services of an attorney, and accordingly, has incurred attorney's fees and costs to bring this action.

### FIRST CAUSE OF ACTION
(UIM BREACH OF CONTRACT CLAIM-DEFENDANT STATE FARM)

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 as fully set forth herein.

31. Plaintiff had a contract, Policy 045756328G, with Defendant State Farm.

32. Said Policy contained and Underinsured and/or Uninsured motorist provision providing coverage to the Plaintiff and any passengers for damages as a direct and proximate result of the negligence of other vehicle operators, when the other operators lacked or had insufficient insurance coverage.

33. Said policy of insurance was in full force and effect on February 7, 2017, when the subject incident occurred.

34. State Farm is contractually obligated to Plaintiff who was an insured under the subject policy.

35. State Farm failed to timely pay benefits under the underinsured/uninsured portion of the subject policy, thereby breaching its contractual duty.

36. State Farm undervalued Plaintiff's valued underinsured motorist claims without proper cause.

37. As a direct and proximate result of State Farm's breach of contract, Plaintiff has sustained general damages in excess of $15,000.

38. That as a result, Plaintiff has suffered damages up to and including the limits of all available underinsured motorist coverage for personal injury in an amount in excess of $15,000.

39. As a further direct and proximate result of the named Defendant and Doe and Roe Defendants' negligence, Plaintiff, incurred expenses for medical care and treatment in an amount in excess of $15,000.

## SECOND CAUSE OF ACTION
(UNJUST ENRICHMENT-DEFENDANT STATE FARM)

40. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 to 39 as if fully set forth herein.

41. Pursuant to the contractual arrangement between the parties, State Farm was obligated to pay Plaintiff for damages received as a result of any accident with an underinsured motorist.

42. Retaining amounts it was required to pay pursuant to the contractual agreement has unjustly enriched State Farm.

43. The actions of State Farm as described herein, constitutes unjust enrichment at Plaintiff's expense, and as a direct and proximate result thereof, Plaintiff has been damaged in a sum in excess of $15,000.

44. As a direct and proximate result, Plaintiff has had to retain counsel to prosecute this action and is entitled to attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General and Special damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. Consequential damages;
3. Expectation damages for denied policy benefits in excess of $15,000;
4. Reasonable attorney's fees and costs of suit;
5. Interest at the statutory rate; and
6. For such other relief as the Court deems just and proper.

DATED this 24th day of July, 2018.

RICHARD HARRIS LAW FIRM

/s/ Johnathan Leavitt
JOHNATHAN M. LEAVITT, ESQ.
Nevada Bar No. 13172
801 South Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

3813
**STATE OF NEVADA**
**DIVISION OF INSURANCE**
3300 W. Sahara Avenue, Suite 275
Las Vegas, Nevada 89102

**CERTIFIED MAIL**

7016 3010 0000 04A!

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
C/O CSC SERVICES OF NEVADA INC
2215 RENAISSANCE DR STE B
LAS VEGAS NV 89119-6727

117 PRDPNMP 89119

Electronically Issued
8/1/2018 10:58 AM

**RECEIVED**
**AUG 15 2018**
DIVISION OF INSURANCE
STATE OF NEVADA

## DISTRICT COURT
## CLARK COUNTY, NEVADA

CODY FURROW, individually;

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; DOE INDIVIDUALS I-X, inclusive; AND ROE CORPORATIONS I-X, inclusive,

Defendants.

CASE NO.: A-18-778274-C
DEPT NO.: 32

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
RICHARD HARRIS LAW FIRM

By: /s/ Johnathan Leavitt
Johnathan M. Leavitt, Esq.
Nevada Bar No. 13172
801 South 4th Street
Las Vegas, Nevada 89101

CLERK OF COURT

/s/ Josefina San Juan   8/1/2018
Deputy Clerk                Date

| BRIAN SANDOVAL | STATE OF NEVADA | C.J. MANTHE |
|---|---|---|
| *Governor* | | *Director* |



BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3203
(702) 486-4009  •  Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

August 16, 2018

State Farm Mutual Automobile Insurance Company
c/o CSC Services of Nevada, Inc.
2215 Renaissance Dr., Ste. B
Las Vegas, NV 89119-6727

RE:  Cody Furrow vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-778274-C

Dear Sir or Madam:

Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on August 15, 2018.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: *[signature]*
RHONDA KELLY
Service of Process Clerk

Enclosures

c:  Jonathan M. Leavitt, Esq.

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

> State Farm Mutual Automobile Insurance Company
> c/o CSC Services of Nevada, Inc.
> 2215 Renaissance Dr., Ste. B
> Las Vegas, NV 89119-6727
> CERTIFIED MAIL NO. 7016 3010 0000 0486 4965

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 16th day of August, 2018.

*/s/ Rhonda Kelly*
RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:  Cody Furrow vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-778274-C

State of Nevada, Division of Insurance
This document on which this certificate is stamped is a full, true and correct copy of the original.

Date: 8/16/18   By: */s/ Rhonda Kelly*

-1-

| BRIAN SANDOVAL<br>*Governor* | STATE OF NEVADA | C.J. MANTHE<br>*Director* |
|---|---|---|



BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3203
(702) 486-4009 • Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

August 16, 2018

Jonathan M. Leavitt, Esq.
RICHARD HARRIS LAW FIRM
801 S. 4th St.
Las Vegas, NV 89101

RE: Cody Furrow vs. State Farm Mutual Automobile Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-18-778274-C

Dear Mr. Leavitt:

The Division received the service of process documents on August 15, 2018, regarding the above-entitled matter. Service has been completed on State Farm Mutual Automobile Insurance Company this date and enclosed are the following:

1. A copy of our letter to State Farm Mutual Automobile Insurance Company dated August 16, 2018;
2. A certified copy of the Proof of Service dated August 16, 2018; and
3. Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By: *Rhonda Kelly*
RHONDA KELLY
Service of Process Clerk

Enclosures

c: State Farm Mutual Automobile Insurance Company